**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| FREDERICK D. HARRIS, | Case No. 1:25-cv-980 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jennifer Dowdell Armstrong |
| BEVERLY HILLS CAR CLUB, INC., *et al.*, | |
| Defendants. | |

**OPINION AND ORDER**

On May 14, 2025, Plaintiff Frederick Harris filed suit against Defendants Beverly Hills Car Club, Inc., John Salas, and Adam Lopez. After the Clerk initiated service that same day, Plaintiff moved for a default judgment when no Defendant appeared. (ECF No. 3). The Court **DENIES** the motion for two independent reasons.

*First*, the record reflects that the Clerk initiated service of the summons and complaint on each Defendant. But it also shows that service is not properly documents. Rule 4(e) allows a plaintiff to serve the summons in any way permitted by the laws of the State where the district court is located (here, Ohio) or where service is made (California, in this case). Fed. R. Civ. P. 4(e)(1). In Ohio, a plaintiff can serve an out-of-State defendant through personal service or by requesting that the Clerk initiate mail service. Ohio R. Civ. P. 4.3(B). When effectuating service through certified mail, service is evidenced by a return receipt signed by any person accepting delivery. Ohio R. Civ. P. 4.3(B)(1); Ohio R. Civ. P. 4.1(A)(1)(a). The docket

here lacks any indication that service was successfully completed, so Defendants have yet to be served.

*Second*, Plaintiff's motion for a default judgment suffers from an additional defect. Plaintiff brings his motion pursuant to Rule 55(a), which provides for entry of default. As he correctly notes, the Rule provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). But entry of default and a default judgment are not the same thing. Indeed, Rule 55 distinguishes between the two. Entry of default is a ministerial action that the Clerk takes as a prerequisite to entry of a default judgment. It encourages resolution on the merits by providing notice to a defendant who has failed to appear that further inaction may materially and adversely affect his rights. For good cause, a court may set aside an entry of default, though a higher standard governs setting aside a default judgment. Fed. R. Civ. P. 55(c). In short, default judgment requires entry of default first. Against this backdrop, a default judgment is not appropriate because the Clerk has not entered default.

Under Rule 4(m), where, as here, "a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Because the docket does not reflect Plaintiff has successfully completed service within the required 90 days, the Court **ORDERS** Plaintiff to serve

Defendants no later than September 15, 2025. Failure to do so will result in dismissal for failure to prosecute.

    **SO ORDERED.**

Dated: August 19, 2025

                                          J. Philip Calabrese
                                          United States District Judge
                                          Northern District of Ohio