UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FREDERICK D. HARRIS, M.D., | Case No. 1:25-cv-980 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jennifer Dowdell Armstrong |
| BEVERLY HILLS CAR CLUB, INC., *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Defendants Beverly Hills Car Club, Inc., John Salas, and Adam Lopez move to compel arbitration or, in the alternative, to dismiss this matter for lack of personal jurisdiction and improper venue. Plaintiff did not timely respond to the motion. For the reasons that follow, the Court **GRANTS** the motion to compel arbitration and **STAYS** this matter pending arbitration.

### STATEMENT OF FACTS

According to the complaint, on or about December 30, 2024, Dr. Frederick Harris purchased a 1999 Rolls-Royce Silver Seraph from Beverly Hills Car Club, Inc. for $13,000. (ECF No. 1, ¶ 8, PageID #2.) Dr. Harris spoke with Adam Lopez, the seller from Beverly Hills Car Club, Inc., to "arrange the purchase." (*Id.*, ¶ 9, PageID #2.) Plaintiff alleges that Mr. Lopez "had full knowledge that Plaintiff was purchasing the [v]ehicle to use as a source for replacement parts." (*Id.*, ¶ 10, PageID #2.) John Salas "approved the sale." (*Id.*, ¶ 11, PageID #2.)

On or about February 6, 2025, Dr. Harris "discovered" that he could not use the vehicle for replacement parts because the vehicle "sustained severe flood damage prior to the sale." (*Id.*, ¶ 13, PageID #3.) Plaintiff alleges that Defendants were aware of this severe flood damage before the sale. (*Id.*, ¶ 14, PageID #3.)

## STATEMENT OF THE CASE

Plaintiff Frederick Harris filed this action without a lawyer against Defendants Beverly Hills Car Club, John Salas, and Adam Lopez. (ECF No. 1.) While Plaintiff did not explicitly state particular claims, Defendants read the complaint to bring claims for breach of contract and breach of warranty. (ECF No. 6, PageID #58.)

On October 30, 2025, Defendants moved to compel arbitration and stay the proceedings or, in the alternative, to dismiss for lack of jurisdiction and improper venue. (ECF No. 6.) On November 3, 2025, Plaintiff was served with the motion by certified mail. (ECF No. 7, PageID # 79.) On December 8, 2025, Defendants notified the Court that Plaintiff had not filed a response and requested that the Court deem the motion unopposed. (ECF No. 7.) On December 30, 2025, Plaintiff filed a response. (ECF No. 8.) However one calculates the deadline to respond to Defendants' motion, Plaintiff's response was untimely. On January 6, 2026, Defendants filed a reply in support of their motion to compel arbitration. (ECF No. 9.)

## ANALYSIS

Defendants moved to stay these proceedings pending arbitration under the Federal Arbitration Act. (ECF No. 6.) Enacted in response to a perception that federal courts were unduly hostile toward arbitration, the Federal Arbitration Act

"establishes 'a liberal federal policy favoring arbitration agreements.'" *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 505 (2018) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). The Act makes arbitration agreements "as enforceable as other contracts, but not more so." *Parker v. Tenneco, Inc.*, 114 F.4th 786, 792 (6th Cir. 2024) (quoting *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022)). To compel arbitration under the Federal Arbitration Act, "a court must conclude that (1) the parties agreed to arbitrate, (2) their agreement covers the claims at issue, and (3) Congress intended those claims to be arbitrable." *Gavette v. United Wholesale Mortg., LLC*, 2025 WL 318224, at *1 (6th Cir. Jan. 28, 2025) (citing *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)).

A "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable[.]" 9 U.S.C. § 2. The "principal purpose" of the Federal Arbitration Act is to ensure "that private agreements to arbitrate are enforced according to their terms." *Volt Info. Scis., Inc. v. Board of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989); *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 664 (2010). Section 2 of the Act "makes arbitration agreements 'valid, irrevocable, and enforceable' as written." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011).

Where an action is referable to arbitration, a court "shall on application of one of the parties stay" the case pending arbitration. 9 U.S.C. § 3; *see Smith v. Spizzirri*, 601 U.S. 472, 473–74 (2024). Section 3 of the Act does not permit the Court to dismiss

3

the case instead of issuing a stay where the dispute is subject to arbitration and a party requests a stay pending arbitration. *Smith*, 601 U.S. at 478.

"Congress enacted the FAA to replace judicial indisposition to arbitration with a 'national policy favoring [it.]'" *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). The Act embodies "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Concepcion*, 563 U.S. at 346 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). The language of the Act creates "a body of federal substantive law of arbitrability." *Moses*, 460 U.S. 1 at 24.

Courts have four tasks when considering a motion to stay proceedings pending arbitration under the Federal Arbitration Act: (1) "determine whether the parties agreed to arbitrate"; (2) "determine the scope of that agreement"; (3) if a party asserts federal statutory claims, "consider whether Congress intended those claims to be nonarbitrable"; and (4) if the court concludes that some, but not all, of the claims in the action are subject to arbitration, "determine whether to stay the remainder of the proceedings pending arbitration." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

*First*, the Court determines that the parties agreed to arbitrate. The parties entered into a sales agreement, which contains an arbitration clause. (ECF No. 6-1, ¶ 7, PageID #67.) Unlike other clauses in the sales agreement, the arbitration clause is not bolded and did not require Dr. Harris to initial it. (*Id.*) But Dr. Harris did sign

4

the sales agreement. (*Id.*, PageID #68.) In his complaint, Plaintiff does not contest the validity or enforceability of the arbitration clause. (ECF No. 1.) In fact, Plaintiff does not mention the arbitration clause at all. (*Id.*) In his untimely response to Defendants' motion, Plaintiff maintains that the arbitration clause is unenforceable because the sale of the vehicle at issue was obtained through fraud. (ECF No. 8, PageID #82.) Because Plaintiff's response to the motion to compel arbitration was not timely, the Court need not consider this argument. Additionally, he did not plead fraud in the inducement in his complaint. Plaintiff cannot conjure new theories as the case progresses. Even on the merits, however, Plaintiff's response fails. Under California law, which governs the sales agreement (ECF No. 6—1, PageID #67), "claims of fraud in the inducement of the contract (as distinguished from claims of fraud directed to the arbitration clause itself) will be deemed subject to arbitration." *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak St.*, 673, P.2d 251–58 (Cal. 1983). Therefore, the Court determines that the parties agreed to arbitrate.

*Second*, the Court determines that this dispute falls squarely within the scope of the arbitration clause. The arbitration clause provides that "[a]ny dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this Agreement to arbitrate, together with any claims of any nature whatsoever pertaining to the Vehicle shall be determined by arbitration in the County of Los Angeles to be administered by ADR Services, Inc. pursuant to its

commercial arbitration rules." (ECF No. 6-1, ¶ 7, PageID #67.) Plaintiff's claims for breach of contract and breach of warranty arise out of or relate to the sales agreement. Accordingly, Plaintiff's claims are subject to arbitration.

*Third*, Plaintiff does not assert any federal statutory claims. *Fourth*, all the claims in this action are subject to arbitration. On balance, the facts and circumstances of this action weigh in favor of the Court staying proceedings pending arbitration under the Federal Arbitration Act.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to compel arbitration (ECF No. 6) and **STAYS** this matter pending arbitration. Further, the Court **ORDERS** the parties to provide a joint status report by June 30, 2026 updating the Court on the status of the proceedings.

**SO ORDERED.**

Dated: January 12, 2026

 J. Philip Calabrese
 United States District Judge
 Northern District of Ohio